## UNITED STATES v. CATROW et al.

(District Court, S. D. New York. August 29, 1922.)†

**1. Conspiracy ☞28—Conspiracy to violate department rules for guarding against liquor traffic is one to commit offense against United States.**

Conspiracy to commit an offense against United States, within Criminal Code, § 37 (Comp. St. § 10201), is pleaded when it is shown the plan was to violate department rules made to guard against liquor traffic, authority for making which is given by Volstead Act, tit. 3, § 13 (Comp. St. Ann. Supp. 1923, § 10138¾l), and penalty for violating which is prescribed by section 15 (section 10138¾n).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**2. Conspiracy ☞33—Conspiracy to have permits issued contrary to regulations for purpose of withdrawing liquor for beverage is one to defraud United States.**

Conspiracy is one to defraud United States, within Criminal Code, § 37 (Comp. St. § 10201), when purpose was to have permits issued contrary to the regulations, for purpose of withdrawing liquor for beverage purposes.

**3. Conspiracy ☞43(10)—Indictment for conspiracy to defraud by withdrawal of liquor for beverage purpose not required to allege amount to which druggist was entitled.**

Indictment for conspiracy to defraud the United States, by having withdrawal permits issued to a druggist in amounts exceeding the quantity to which he was entitled under the conditions and limitations of his basic permit and the department regulations, need not allege the amount to which he would be entitled thereunder.

Criminal proceeding by the United States against Herbert G. Catrow and others. On demurrers to indictment. Demurrers overruled.

William Hayward, U. S. Atty., of New York City, and Palmer Canfield, Sp. Asst. U. S. Atty., of Kingston, N. Y.

Nash Rockwood, of New York City, for defendant Catrow.

Carmody, Roth & Mayer, of New York City, for defendant Silver.

Paul A. Zizelman, of New York City, for defendant Steckler.

O'Connor & Donnellan, of New York City, for defendant McGowan.

AUGUSTUS N. HAND, District Judge. The foregoing defendants demur to an indictment for conspiracy to defraud the United States. Section 37, Criminal Code (Comp. St. § 10201). The indictment charges that Steckler, who had a basic permit as a druggist, should apply to Catrow, who

† Received for publication October 5, 1925.

was an assistant federal prohibition director, through Silver, McGowan, and Fallon, for the withdrawal of intoxicating liquor for nonbeverage purposes; that the applications would be approved and withdrawal permits issued by Catrow to Steckler in amounts exceeding the quantity to which Steckler was entitled under the conditions and limitations of the basic permit and the regulations of the department; that Catrow would approve the applications without proof that the excess quantity was required for the business of Steckler, although an inspection was required of the business of the applicant, and although he and the other defendants knew Steckler was not legally entitled to withdraw it; that Steckler would make four applications for permits to purchase liquor, and it was part of the conspiracy that the vendor would present the applications to Catrow for verification at his office, instead of sending them by registered mail, as required by the regulations; that Catrow would immediately verify them, and would not report the granting of the permits to the federal Commissioner of Prohibition, and retain a copy of the notification in his office; that it was a part of the conspiracy that Steckler would thereby procure intoxicating liquor and that same would be sold for beverage purposes.

[1] Section 37 embraces:

(1) Conspiracy to commit an offense against the United States.

(2) Conspiracy to defraud the United States.

A conspiracy to commit an offense against the United States is pleaded when it is shown that the plan was to violate the rules of the department made to guard against the liquor traffic. The authority to make such regulations as are pleaded is given by section 13 of title 3 of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¾l), and section 15 (section 10138¾n) prescribes the penalty for the violation.

[2] (3) There was a conspiracy to defraud when the purpose was to have permits issued contrary to the regulations, for the purpose of withdrawing intoxicating liquor for beverage purposes.

[3] It is alleged that the defendants knew that the purchases were to exceed the amount of whisky to which Steckler would be entitled under his basic permit and under the regulations, and demurrants criticize the indictment for not setting forth just what he was entitled to purchase. While the amount of overpurchase would

have to be shown in proof, and possibly in the pleading of a substantive offense, I cannot see why it is necessary to allege this in an indictment for conspiracy. Suppose the parties got together and formally agreed "to secure the delivery of more than the regulations allowed," and nothing more was said, it ought to be sufficient proof of an illegal conspiracy, if followed by an overt act. If it would be sufficient proof, the pleading should be adequate.

The demurrers are overruled.